Name and address:
Mansour Jafarian (CBN: 332632)
Russell M. Rad (CBN: 332525)
Artemis Law Group
5850 Canoga Ave. Suite 400
Woodland Hills, CA 91367

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAMIDREZA RAHMATOLLAH SABOOR<br><br>v.<br><br>SEYED JAFAR JAFARI aka SAYED JAFAR SAYED MOHAMED SALEH | PLAINTIFF(S)<br><br><br><br><br>DEFENDANT(S) | CASE NUMBER:<br><br>2:22-cv-02225 JLS (PVCx)<br><br>REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL |

### INSTRUCTIONS

Generally, an attorney may withdraw from representing a party in a case without the Court's permission **if** another member of the attorney's firm or agency will continue to represent that party **and** the withdrawing attorney is not the only member in good standing of the Bar of this Court representing that party. In that circumstance, the withdrawing attorney should complete and file a "Notice of Appearance or Withdrawal of Counsel" (Form G-123), instead of this "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01).

Notably, however, Court permission for withdrawal or substitution **is** required if no member of the withdrawing attorney's firm or agency will remain as counsel of record. In such circumstances, the attorney(s) seeking to withdraw should complete and file this "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01), and submit a proposed "Order on Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01 Order).

If the circumstances surrounding an attorney's withdrawal or request to substitute other counsel are not covered by this Form G-01, the attorney may instead file a regularly noticed motion supported by a more detailed memorandum of points and authorities.

### SECTION I - WITHDRAWING ATTORNEY

*Please complete the following information for the attorney seeking to withdraw (provide the information as it currently appears on the docket; if the attorney appeared pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Phillip A. Zunshine                                          CA Bar Number: 339010

Firm or agency: GRANT & KESSLER, APC

Address: 1331 India Street San Diego, CA 92101

Telephone Number: 619-233-7078                    Fax Number: 619-233-7036

E-mail: phillip@grantandkessler.com

Counsel of record for the following party or parties: Plaintiff (HAMIDREZA RAHMATOLLAH SABOOR)

Other members of the same firm or agency also seeking to withdraw: Miles D. Grant

---

G-01 (06/13)        REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL        Page 1 of 2

## SECTION II - NEW REPRESENTATION

☐ No new counsel is necessary. The party or parties represented by the attorney(s) seeking to withdraw will continue to be represented by another attorney/firm who has already entered an appearance as counsel of record for that party or parties in this case, and who is a member in good standing of the Bar of this Court.

☐ The party or parties represented by the attorney(s) seeking to withdraw have not retained new counsel and wish to proceed *pro se*, as self-represented litigants.

☒ The party or parties represented by the attorney(s) seeking to withdraw have retained the following new counsel, who is a member in good standing of the Bar of this Court:

Name: Mansour Jafarian & Russell M. Rad      CA Bar Number: 332632 & 332525

Firm or agency: Artemis Law Group

Address: 5850 Canoga Ave. Suite 400, Woodland Hills, CA 91367

Telephone Number: 872-278-3647      Fax Number: 858-261-2401

E-mail: mansour@artemis-lawgroup.com AND russell@artemis-lawgroup.com

## SECTION III - SIGNATURES

### Withdrawing Attorney

I am currently counsel of record in this case, and am identified above in Section I as the "Withdrawing Attorney." I have given notice as required by Local Rule 83-2.3. I hereby request that I and any other attorney(s) listed in Section I be allowed to withdraw from this case.

Date: _____      Signature: _____

Name: _____

### New Attorney (if applicable)

I have been retained to appear as counsel of record in this case, and my name and contact information are given above in Section II. I am a member in good standing of the Bar of this Court.

Date: Dec. 15, 2022      Signature: *Mansour Jafarian*

Name: Mansour Jafarian, Esq.

### Party Represented by Withdrawing Attorney

I am currently represented by, or am an authorized representative of a party currently represented by, the Withdrawing Attorney listed above. I consent to the withdrawal of my current counsel, and to (*check if applicable*):

☒ substitution of counsel as specified above.

☐ representing myself *pro se* in this case.

Date: Dec. 15, 2022      Signature: [signature]

Name: HAMIDREZA RAHMATOLLAH SABOOR

Title: Plaintiff

|  |  |
|---|---|
| Miles D. Grant, Esq. (SBN 89766) | |
| Phillip A. Zunshine, Esq. (SBN 339010) | |
| **GRANT & KESSLER, APC** | |
| 1331 India Street | |
| San Diego, CA 92101 | |
| Tel: 619-233-7078; Fax: 619-233-7036 | |
| miles@grantandkessler.com; phillip@grantandkessler.com | |

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIDREZA RAHMATOLLAH SABOOR<br><br>Plaintiff,<br><br>v.<br><br>SEYED JAFAR JAFARI aka SAYED JAFAR SAYED MOHAMED SALEH<br><br>Defendant. | CASE NO. 2:22-cv-02225 JLS (PVCx)<br><br>**DECLARATION OF PHILLIP A. ZUNSHINE IN SUPPORT OF GRANT & KESSLER, APC'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Date: December 6, 2022<br>Time: 10:00a.m.<br>Dept: 590<br>Judge: Hon. Pedro V. Castillo |

I, Phillip A. Zunshine, declare:

1. I am an attorney licensed to practice law in California and I am an associate at GRANT & KESSLER, APC ("G&K"), attorneys of record for HAMIDREZA RAHMATOLLAH SABOOR ("Plaintiff"). I have personal knowledge of the facts set forth herein and could and would testify competently to those facts if requested.

2. There are no pending motions in this case. Neither party has propounded any discovery.

3. Plaintiff has continually failed to respond to G&K's communications and requests for information. Plaintiff routinely fails to respond to emails for days and sometimes weeks at a time. Without revealing any privileged communications, there

has been a complete breakdown in communications, to the extent that G&K cannot continue to represent Plaintiff.

4. Additionally, Plaintiff has failed to pay G&K's invoices. G&K is a small law firm of three lawyers. G&K cannot continue to perform work without being paid.

5. As required by Local Rule 7-3, I had a telephone call with Nicholas Nassif, Defendant's attorney. I explained to Mr. Nassif that G&K would be filing a motion to withdraw as Plaintiff's counsel. Mr. Nassif advised that he had no objection to G&K's motion and that, either way, he did not believe he had standing to object to the motion.

6. On November 1, 2022, G&K sent an email to Plaintiff advising that it would be filing this motion to withdraw as his attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 1, 2022, at San Diego, California.

*/s/ Phillip A. Zunshine*
Phillip A. Zunshine

X:\Data\19-782\C-Motions\Motion to Withdraw\Decl. Zunshine.wpd

-2-
DECLARATION OF PHILILP A. ZUNSHINE IN SUPPORT OF GRANT & KESSLER, APC'S MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL

Miles D. Grant, Esq.     (SBN 89766)
Phillip A. Zunshine, Esq. (SBN 339010)
**GRANT & KESSLER, APC**
1331 India Street
San Diego, CA 92101
Tel: 619-233-7078; Fax: 619-233-7036
miles@grantandkessler.com; phillip@grantandkessler.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIDREZA RAHMATOLLAH SABOOR<br><br>Plaintiff,<br><br>v.<br><br>SEYED JAFAR JAFARI aka SAYED JAFAR SAYED MOHAMED SALEH<br><br>Defendant. | CASE NO. 2:22-cv-02225 JLS (PVCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GRANT & KESSLER, APC'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Date: December 6, 2022<br>Time: 10:00a.m.<br>Dept: 590<br>Judge: Hon. Pedro V. Castillo |

## INTRODUCTION

Grant & Kessler, APC ("G&K") seeks to withdraw as Plaintiff's counsel due to a complete breakdown in communications with Plaintiff, together with Plaintiff's failure to pay G&K's invoices. G&K is unable to continue to effectively represent Plaintiff given these facts.

There are no pending motions and neither side has propounded discovery. Trial is *at least* 16 months from now. Neither Plaintiff nor Defendant will suffer any undue prejudice as a result of G&K's withdrawal.

Because good cause exists to permit the withdrawal, G&K requests that the Court grant its motion to withdraw as Plaintiff's counsel.

## STATEMENT OF FACTS

Plaintiff's complaint seeks to recognize a money judgment entered against Defendant in Dubai, on which roughly $1.7 million is owed. (ECF #1).

After filing the complaint, Plaintiff filed a motion for a Right to Attach Order and Writ of Attachment against Defendant ("Attachment Motion"). (ECF #12).

On September 1, 2022, the Court granted Plaintiff's Attachment Motion. (ECF #36).

There are no pending motions. Neither side has propounded any discovery. (Decl. Zunshine, ¶2).

On August 10, 2022, Judge Josephine L. Staton issued a Scheduling Order setting the fact discovery cutoff for May 12, 2023, and the final pretrial conference for January 12, 2024. (ECF #31).

Plaintiff has continually failed to respond to G&K's communications and requests for information. Plaintiff routinely fails to respond to emails for days and sometimes weeks at a time. Without revealing any privileged communications, there has been a complete breakdown in communications, to the extent that G&K cannot continue to represent Plaintiff. (Decl. Zunshine, ¶3).

Additionally, Plaintiff has failed to pay G&K's invoices. G&K is a small law firm of three lawyers. G&K cannot continue to perform work without being paid. (Decl. Zunshine, ¶4).

## LEGAL AUTHORITY

"District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances." *360 Accounting Sols., LLC v. TaxAssociates, Inc.*, 2022 U.S. Dist. LEXIS 54442, at *6 (C.D. Cal. February 9, 2014).

"In ruling on a motion to withdraw as counsel, courts generally consider: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice;

and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* Federal courts consider applicable state rules in determining whether good cause exists to permit withdrawal. *Stewart v. Boeing Co.*, 2013 U.S. Dist. LEXIS 87064, at *3 (C.D. Cal. June 19, 2013).

**A.  G&K seeks to withdraw due to a complete breakdown in communications**

California Rule of Professional Conduct 1.16(b)(4) permits an attorney to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."

Plaintiff has continually failed to respond to G&K's communications and requests for information and documents. Despite numerous efforts from G&K, Plaintiff will not respond to emails for days and sometimes even weeks at a time. Plaintiff has also failed to provide requested documents and information that is necessary to pursue this case. Additionally, Plaintiff has failed to pay for the services G&K has rendered, and there is no indication that payment will be made for any services rendered in the future. Given these facts, G&K cannot effectively represent Plaintiff.

**B.  Defendant will not be prejudiced in any way by G&K's withdrawal**

Allowing G&K to withdraw as Plaintiff's attorney will not have any adverse effect on Defendant. There is no pending discovery or law and motion. Trial is at least 16 months away. Whether Plaintiff is represented by G&K or any other law firm has no effect on Defendant, and Defendant's position in this case will not be changed in any way.

**C.  G&K's withdrawal will not harm the administration of justice**

Allowing G&K to withdraw will not harm the administration of justice. Trial has not even been set in this case, and the final pre-trial conference is set for January 2024. The fact discovery cutoff is currently set for May 26, 2023, nearly seven months from now. Plaintiff has ample time to secure new counsel, conduct discovery, and prepare for trial.

### D. G&K's withdrawal will not delay resolution of this case

Similarly, allowing G&K to withdraw will not delay this case. Again, trial is at least 16 months away. There are no pending motions or discovery. G&K does not anticipate any discovery disputes given that this action is merely to register a judgment that has already been entered in Dubai. Plaintiff will have ample time to find new counsel and have that counsel prepare this case for trial.

### E. G&K has provided notice of this motion to all required parties

As required by Local Rule 7-3, G&K met and conferred with Defendant's counsel to attempt to informally resolve this issue. Defendant's counsel stated that he had no objection to G&K's withdrawal. (Decl. Zunshine, ¶5).

Further, G&K provided notice of this motion to Plaintiff by email at the same email address Plaintiff has used since G&K started its representation. (Decl. Zunshine, ¶6).

### CONCLUSION

G&K can no longer effectively represent Plaintiff. Trial is at least 16 months away and there are no pending hearings or discovery. There is no harm to Plaintiff, Defendant, the administration of justice, or this Court if G&K is permitted to withdraw. Accordingly, G&K asks that the Court grant its motion to withdraw as Plaintiff's counsel.

Dated: November 1, 2022         GRANT & KESSLER, APC

By: */s/ Phillip A. Zunshine*
Phillip A. Zunshine
Attorneys for Plaintiff

X:\Data\19-782\C-Motions\Motion to Withdraw\P&A-01b.wpd