Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501     Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Former Attorneys for Hamidreza Rahmatollah Sabour/Saboor*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIDREZA RAHMATOLLAH SABOOR,<br><br>Plaintiff,<br><br>vs.<br><br>SEYED JAFAR JAFARI aka SAYED JAFAR SAYED MOHAMED SALEH<br><br>Defendant | CASE NO. 2:22-cv-02225 JLS (PVCx)<br><br>Before the Honorable Pedro V. Castillo<br><br>**NOTICE OF LIEN BY LAW OFFICE OF BARUCH C. COHEN A PROFESSIONAL LAW CORPORATION, FORMER COUNSEL TO CREDITOR HAMIDREZA RAHMATOLLAH SABOUR ; AND IRREVOCABLE INTENT TO HONOR SAME**<br><br>[No Hearing Required] |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT LAW OFFICE OF BARUCH C. COHEN A PROFESSIONAL LAW CORPORATION** ("Cohen") is asserting all available rights as a lien claimant, including that Cohen is entitled to, and does assert, a lien to secure payment of money owed to Cohen by Hamidreza Rahmatollah Sabour/Saboor ("Saboor"), and that lien attaches to any and all monies recovered by Saboor, and/or paid to Saboor and/or on behalf of Saboor in this matter and/or any related matter, whether by judgment, order, settlement, payment of sanctions or otherwise, in an amount which is increasing daily and which, as of January 21, 2025, amounts to at least $20,000.00.

---

NOTICE OF LIEN BY LAW OFFICE OF BARUCH C. COHEN A PROFESSIONAL LAW CORPORATION, CREDITOR HAMIDREZA RAHMATOLLAH SABOUR FORMER COUNSEL; AND IRREVOCABLE INTENT TO HONOR SAME

1/21-11:08am

**PLEASE ALSO TAKE NOTICE** THAT Saboor's counsel may be liable in tort for disregarding Cohen's lien, such as by disbursing funds without first paying Cohen's lien.

**PLEASE ALSO TAKE NOTICE THAT** Saboor's counsel is required to inform Cohen of any payment to, and/or receipt of money by, Saboor and/or on behalf of Saboor in this and/or any related litigation.

**PLEASE ALSO TAKE NOTICE THAT** each recipient of this Notice is also on notice of the applicable law, including without limitation, the law set forth in Attachment A.

DATED:   January 21, 2025

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By   /s/ Baruch C. Cohen
Baruch C. Cohen, Esq.
*Former Attorneys for*
*Hamidreza Rahmatollah Sabour/Saboor*

---

NOTICE OF LIEN BY LAW OFFICE OF BARUCH C. COHEN A PROFESSIONAL LAW CORPORATION, CREDITOR HAMIDREZA RAHMATOLLAH SABOUR FORMER COUNSEL; AND IRREVOCABLE INTENT TO HONOR SAME

1/21-11:08am

**ATTACHMENT A - APPLICABLE CALIFORNIA LAW**

**Contract Terms**. The Legal Services Agreement between Cohen and Saboor states:

17. Retainer Lien Agreement: The Client grants the Attorney a lien on the retainer fee as security for payment of fees for future services. The retainer remains the Client's property until applied to charges for services rendered. Any unearned funds will be returned to the Client. In accordance with Fletcher v. Davis, 33 Cal. 4th 61 (2004), and California Rules of Professional Conduct Rule 3-300, the Firm has fully disclosed the lien's terms and acquisition, provided this information in writing, advised the Client to seek independent legal counsel regarding the lien, and offered a reasonable opportunity for such consultation before the Client's consent..

**Statutory Provisions**. Cal. Civ. Code § 2872: "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security or the performance of an act." Cal. Civ. Code § 2881 states a lien is created by contract of the parties or by operation of law. Cal. Civ. Code § 2883(a) states that "[a]n agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In that case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing, to the extent of such interest."

**Analysis**.

1. **Lien**. A charging lien is established by the common law. Fletcher v. Davis (2004) 33 Cal. 4th 61; Cappa v. F & K Rock & Sand (1988) 203 Cal.App.3d 172 (public policy supports the preferential treatment given to attorney liens). Everett, Clarke & Benedict v. Alpha Portland Cement (2d Cir. 1915) 225 F. 931, 935 (summarizing history of attorney liens).

2. **Contractual Basis**. A charging lien is authorized by and based on the parties' contract which secures an attorney's compensation against the funds or judgment recovered by the attorney for the client. Fletcher, 33 Cal. 4th at 66; Carroll v. Interstate Brands (2002) 99 Cal. App. 4th 1168, 1172. Also, Cohen's contract contains terms required by the California Rules of Professional Conduct, Rule 1.8.1.

3. **Implied Right**. A lien may also be implied where the retainer agreement requires the attorney to look to the proceeds of the litigation for payment. Cetenko v. UCB (1982) 30 Cal. 3d 528, 531; Gelfand, et al. v. Shivener (1993) 30 Cal.App.3d 364, 371.

4. **Security Interest**. Once created, an attorney's lien grants the attorney a security interest in the proceeds of the litigation in which he represented the client. Fletcher, 33 Cal. 4th at 67.

5. **Express Notice**. Though not required to perfect the lien, an attorney may also file a notice of lien in the case against which he asserts the lien. Carroll, 99 Cal. App. 4th at 1172.

6. **Effective Date**. An attorney's lien is created and takes effect when the fee agreement giving rise to the lien is executed. Cetenko, 30 Cal. 3d at 534.

7. **Priority of Lien**. An attorney's lien has priority over other liens created after the attorney-client fee agreement was entered into. Carroll, 99 Cal. App. 4th at 1175; Cal. Civil Code § 2897 ("[o]ther things being equal, different liens upon the same property

---

NOTICE OF LIEN BY LAW OFFICE OF BARUCH C. COHEN A PROFESSIONAL LAW CORPORATION, CREDITOR HAMIDREZA RAHMATOLLAH SABOUR FORMER COUNSEL; AND IRREVOCABLE INTENT TO HONOR SAME

1/21-11:08am

-3-

have in relevant part priority according to the time of their creation . . . ."). Case costs have the same lien priority as attorney fees. Gilman v. Dalby (2009) 176 Cal.App.4th 606, 618.

8. **Recognized Dispute Resolution**. If a dispute arises about the lien, the courts and bar associations have approved various acts including placing disputed funds into a blocked account requiring signatures from the disputing attorney and client. In re Feldsott (1997) 3 Cal. State Bar Ct. Rptr. 754, 757; In re Kroft (1998) 3 Cal. State Bar Ct. Rptr. 838, 853-54; Cal. Form. Opn. 2009-177; see also Los Angeles Bar Ass'n Form. Opn. No. 438 (1985). The disputed fee should not be placed in the client trust account. Shalant v. State Bar (1983) 33 Cal. 3d 485.

9. **Privilege Waived as Needed**. Where a fee dispute arises between lawyer and client, the attorney-client privilege is waived, but only to the extent necessary for the attorney to defend or prosecute his claims. Evid. Code § 958; McDermott, Will & Emery v. Sup. Ct. (2000) 83 Cal. App. 4th 378, 383-84.

10. **Fiduciary Duty to Honor Lien**. Successor counsel in the possession of settlement or other proceeds against which a predecessor attorney has asserted a lien has a fiduciary obligation to the attorney lienholder with respect to the funds. Johnstone v. State Bar (1966) 64 Cal. 2d 153, 155-56; In re Respondent P (1993) 2 Cal. State Bar Ct. Rptr. 622, 632; Cal. Form. Opn. 2008-175; Plummer v. Day/Eisenberg (2010) 184 Cal. App. 4th 38 (court allowed causes of action for conversion and intentional interference with prospective economic damages against the second attorney); Weiss v. Marcus (1975) 51 Cal. App. 3d 590.

11. **Fiduciary Duty to Inform**. That duty includes the duty to inform predecessor counsel of the fact and amount of settlement. In re Riley (1994) 3 Cal. State Bar Ct. Rptr. 91, 111-15; Cal. Form. Opn. 2008-175; Rule 1.15 of the Cal. Rules of Prof. Conduct.

12. **Liability of Anyone on Notice of Lien**. A third party (e.g., the defendant or the defendant's insurer) with notice of the plaintiff's former counsel's attorney's lien, may be civilly liable to the lienholder for paying out the funds directly to successor counsel and the plaintiff. Levin v. Gulf Ins. Group (1999) 69 Cal. App. 4th 1282, 1287-88.

13. **Equitable Assignee**. A valid lien renders the attorney an equitable assignee of the judgment or settlement to the extent of fees and costs which are due him for services. Siciliano v. Fireman's Fund (1976) 62 Cal.App.3d 745, 752.

14. **Client's Duty**. A client cannot interfere with an attorney's right to secure the contracted fee. Little v. Amber Hotel (2011) 202 Cal.App.4th 280. A lawyer cannot disregard a lien even if instructed to do so by the client. Cal. Form. Opn. 2008-175.

NOTICE OF LIEN BY LAW OFFICE OF BARUCH C. COHEN A PROFESSIONAL LAW CORPORATION, CREDITOR HAMIDREZA RAHMATOLLAH SABOUR FORMER COUNSEL; AND IRREVOCABLE INTENT TO HONOR SAME

1/21-11:08am                                           -4-