NICHOLAS S. NASSIF
The Law Office of Nicholas S. Nassif
3055 Wilshire Boulevard, Suite 900
Los Angeles, California 90010
(213) 736-1899
Fax No: (213) 736-5656
nsnassif@pacbell.net

Attorneys for Defendant
SEYED JAFAR JAFARI aka
SAYED JAFAR SAYED MOHAMED SALEH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HAMIDREZA RAHMATOLLAH SABOOR** | CASE NO. 2:22-cv-02225 JLS (PVCx) |
| Plaintiff, | EX PARTE APPLICATION FOR AN ORDER TERMINATING WRIT OF ATTACHMENT AND DECLARING THE WRIT OF ATTACHMENT TO BE NULL AND VOID; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| **SEYED JAFAR JAFARI aka SAYED JAFAR SAYED MOHAMED SALEH** | |
| Defendant. | Judge: Hon. Josephine L. Staton, U. S. District Judge |
| | Magistrate: Pedro V. Castillo |
| | Courtroom Number: 8A |

Defendant SEYED JAFAR JAFARI ("Defendant JAFARI" or "Debtor JAFARI") hereby, applies to the Court ex parte for an order terminating Plaintiff HAMIDREZA RAHMATOLLAH SABOOR'S Writ of Attachment issued on October 11, 2022, and recorded on October 20, 2022, and declaring said Writ of Attachment to be null and void.

This Application is made on the grounds that: (1) The

debt of Plaintiff HAMIDREZA RAHMATOLLAH SABOOR ("Plaintiff SABOOR") has been discharged since January 8, 2004; (2) Defendant JAFARI's primary residence ("Property") is in foreclosure and he want to sell it; (3) Plaintiff SABOOR contacted Defendant JAFARI's title officer and threatened to sue him if his judgment is not honored and he is not paid after escrow closes; (4) The title officer will not proceed without an Order from this Court stating that the Writ of Attachment is not ruled to be Null and Void; (5) There may not be enough time to sell the property, have it go through escrow, pay the overdue mortgage payments to stop the foreclosure in time if this application is not granted ex parte.

There is cause for this to be granted ex parte, as more specifically set forth in this ex parte applicatioon and the accompanying Declaration of Nicholas S. Nassif ("Atty. Nassif").

On September 24, 2025, Atty. Nassif called counsel for Plaintiff SABOOR, Mansour Jafarian ("Atty. Jafarian") of ARTEMIS LAW GROUP, APLC, to give notice of this ex parte application and gave notice to Erin Ekin, legal assistant to Atty. Jafarian, because Atty. Jafarian was not available. Then Atty. Nassif emailed notice and this ex parte application to Atty. Jafarian.

Please note that any opposition must be filed no later than 24 hours after service. Also, if parties or counsel do not intend to oppose an ex parte application, counsel <u>must</u> inform the CRD by email at JLS_chambers@cacd.uscourts.gov, as soon as possible.

Defendant JAFARI's Application is based upon this notice, the attached Declaration of Nicholas S. Nassif, the attached

-2-
**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

Memorandum of Points and Authorities, and upon the pleadings, records and court's file and on such further oral and documentary evidence as may be submitted at the time of the hearing.

DATED: September 24, 2025     LAW OFFICES OF NICHOLAS S. NASSIF

*Nicholas S. Nassif*
Nicholas S. Nassif
Attorney for Defendant
Seyed Jafar Jafari

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff JAFARI respectfully submits this Memorandum
of Points and Authorities in support for an Order Terminating
the Writ Of Attachment and Declaring the Writ Of Attachment to
be Null And Void because the debt was discharged in
Bankruptcy. Ex parte relief is warranted where the moving
party demonstrates (1) irreparable prejudice if the relief is
not granted, and (2) that it acted diligently and without
fault.

### II.   PROCEDURAL HISTORY

This is an action for recognition of a foreign money
Judgment, filed by Plaintiff SABOOR against Defendant JAFARI.

On April 4, 2022, Plaintiff SABOOR, filed the instant
Complaint against Defendant JAFARI for recognition of a
foreign judgment.

Plaintiff SABOOR filed an Application for Right to
Attach Order. This court issued the Writ of Attachment on
October 11, 2022, which was recorded on October 20, 2022. A
copy of the recorded Writ of Attachment is attached hereto as
EXHIBIT "1".

On January 18, 2023, Debtor SEYED JAFAR JAFARI, filed a
Chapter 7 Bankruptcy Petition, Case No: 1:23-bk-10061-MB, in
the United States Bankruptcy Court, Central District of
California; wherein Plaintiff HAMIDREZA RAHMATOLLAH SABOOR was
listed on the Verification of the Master Mailing List of

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

Creditors, which is part of Debtor JAFARI's Bankruptcy Petition and it is listed on pdf page 11. A true copy of Debtor JAFARI's Voluntary Petition is attached hereto as EXHIBIT "2".

On February 1, 2023, Debtor JAFARI, filed the Summary of Your Assets and Liabilities and Certain Statistical Information.  On Schedule F of the Chapter 7 Bankruptcy Petition, Plaintiff HAMIDREZA RAHMATOLLAH SABOOR was listed as one of Debtor JAFARI's creditors and the debt in the amount of $2,100,000.00, which is listed on pdf page 19.  A true copy of the Debtor JAFARI's Summary of Your Assets and Liabilities and Certain Statistical Information Debtor JAFARI's Voluntary Petition of the Bankruptcy is attached hereto as EXHIBIT "3".

On January 8, 2024, the Bankruptcy Court ordered a Discharge under 11 U.S.C.§727, where all of DEFENDANT JAFARI's debts were discharged, including that of Plaintiff HAMIDREZA RAHMATOLLAH SABOOR. A true copy of the Order of Discharge is attached hereto as EXHIBIT "4".

Plaintiff SABOOR's debt was discharged and Plaintiff is estopped and precluded from enforcing the discharged debt, or attempting to enforce the Writ of  Attachment.

Plaintiff SABOOR's debt having been discharged, Plaintiff SABOOR's Writ of Attachment must be terminated and declared to be null and void by this Court.

Knowing that Defendant JAFARI was behind in his mortgage payments, Defendant JAFARI listed his Property for sale.

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

Plaintiff SABOOR has been contacting Defendant JAFARI's associates and acquaintances claiming he is still owed the money that was discharged in bankruptcy and was threatening to sue anyone who may interfere in his efforts to collect this discharged debt. He demanded that Plaintiff SABOOR or his attorneys be contacted in this regard. A copy of Plaintiff SABOOR's email to Defendant JAFARI's agent is attached hereto as EXHIBIT "5".

Plaintiff SABOOR contacted Defendant JAFARI's real estate agent and the title company hired to issue a policy of title insurance for the Property telling them that they would be sued if they proceeded with the sale and he wasn't paid the amount in his judgment.

As a result of the threat of being sued, the title officer will not issue a policy of title insurance for the Property until it receives an order from the Court dissolving the Writ of Possession.

Defendant JAFARI's residence ("Property") is now being foreclosed upon.  The Notice of Default was filed on September 8, 2025.  After 90 days, there will be a Notice of Trustee's Sale and the Property will be sold.  A true copy of the Notice of Default dated September 8, 2025 is attached hereto as EXHIBIT "6".

It is well established that Plaintiff SABOOR's debt having been discharged in the bankruptcy court, Plaintiff SABOOR cannot and should not demand payment of the discharged debt, claim that he is still  owed the discharged debt or threatened to sue anyone for any purpose if they interfere

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

with his efforts.

Atty. Nassif attempted to resolve the issue(s) presented before seeking relief.  On August 27, 2025, Atty. Nassif sent an email to Plaintiff SABOOR's attorneys of record, Atty. Jafarian, and asked Atty. Jafarian to stipulate to have Plaintiff SABOOR's recorded Writ of Attachment lifted. Atty. Nassif did not receive a response from Atty. Jafarian. So since Atty. Jafarian did not respond, Atty. Nassif could not determine the position of the opposing party.  A copy of Atty. Nassif's email to Atty. Jafarian is attached hereto as EXHIBIT "7".

The Court should be aware that on September 17, 2025, Atty. Jafarian filed a Notice Of Motion And Motion To Withdraw As Counsel For Plaintiff, so he most likely does not know Plaintiff SABOOR's position.

## II. LEGAL STANDARD

Ex parte applications in the Central District of California are governed by Local Rule 7-19 and Local Rule 7-19.1, which require the applicant to (1) provide notice to the opposing party, (2) demonstrate that regular motion procedures are inadequate, and (3) show that immediate and irreparable harm will result if the application is not granted.

Federal courts disfavor ex parte applications, granting them only upon a showing that "the moving party is without fault in creating the crisis that requires ex parte relief" and that "the crisis cannot be resolved through the regular motion process." Mission Power Eng'g Co. v. Continental Cas. Co., 883

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

F. Supp. 488, 492 (C.D. Cal. 1995).

### III. ARGUMENT

**A. Plaintiff Will Suffer Irreparable Prejudice Absent Ex Parte Relief.**

Defendant JAFARI desires to sell his Property and he listed it with a broker and needs to sell his Property to prevent it from being foreclosed upon.

As stated herein before Plaintiff SABOOR threatened to sue anyone who may interfere in his efforts to collect this discharged debt and as a result of the threat of being sued the title company will not issue a policy of insurance until it receives an order from the Court dissolving the Writ of Possession.

This is time sensitive because Defendant JAFARI is prevented from selling his residence and desperately needs to sell it as soon as possible to pay the overdue mortgage payments to keep from having his house sold at foreclosure,

Therefore, Plaintiff Will Suffer Irreparable Prejudice Absent Ex Parte Relief.

**B. Plaintiff Has Acted Diligently and in Good Faith**

Defendant JAFARI has attempted to contact Plaintiff SABOOR and attempt to tell him to stop his contacting the real estate agent and the title company and to tell them that he is not owed the money, to no avail.

Only now is it imperative that this ex parte application is granted.

This would have been filed sooner, but Atty. Nassif has

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

had significant health issues in August, 2025 and September, 2025 (he went to the hospital in August, 2025), that prevented him from bringing this ex parte application any sooner.

### C. Ex Parte Relief Is Necessary Because Regular Motion Practice Is Inadequate

Again, Defendant JAFARI's Property is being foreclosed upon and the Notice of Default was recorded on September 8, 2025. After 90 days, there will be a Notice of Trustee's Sale and then Property will be sold.

If a regular motion was filed, there may not be adequate time to have the motion granted, the property then listed for sale, sold, have escrow and disbursement of funds to pay the overdue mortgage payments prior to the foreclosure sale.

Therefore, Ex Parte Relief Is Necessary Because Regular Motion is Inadequate.

### D. There is not More Automatic Stay

On September 1, 2023, The Honorable Pedro V. Castillo, United States Magistrate Judge issued an order entitled Proceedings: [In Chambers] Order Re: Writ Of Attachment (Doc. 63, which stated, in part, "The parties are reminded that this case was automatically stayed pursuant to Bankruptcy Code § 362. (Dkt. No. 59). Accordingly, any and all issues related to the Writ of Attachment must be raised with the Bankruptcy Court."

The Discharge of Defendant JAFARI's bankruptcy case was on January 8, 2024 (Exhibit "4") and the case was closed, so there has been no Automatic Stay for over a year and a half. Since this Court issued the Writ of Attachment, it has the power

–9–

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

to void it.

### E.  Atty. Nassif Gave Telephonic and Email Notice.

The attorney of record for Plaintiff SABOOR, and the name, address, telephone number and e-mail address of the attorney is as follows: Mansour Jafarian, ARTEMIS LAW GROUP, APLC, 5850 Canoga Ave. Ste. 400, Woodland Hills, CA 91367, Phone: (872) 278-3647; mansour@artemis-lawgroup.com.

On September 24, 2025, at 2:24 pm, Atty. Nassif called Plaintiff SABOOR's attorneys, Mansour Jafarian ("Atty. Jafarian") of ARTEMIS LAW GROUP, APLC, to give him notice of the ex parte application.  Atty. Nassif talked to Erin Ekin, legal assistant to Atty. Jafarian and told her that he was calling to give ex parte notice.  She put Atty. Nassif on hold, and talked to Atty. Jafarian, and came back to the line and said that he said to email it to him.  Atty. Nassif said that he would, but he had to give telephone notice also.  So Atty. Nassif said, "I am giving ex parte notice of filing an Ex Parte Application For An Order Terminating Writ Of Attachment And Declaring The Writ Of Attachment To Be Null And Void.  I will also email you the notice and the ex parte application."

### F.  The Court Should set this for Hearing if it Denies this ex parte application.

If the Court does not grant this ex parte application, Defendant JAFARI requests that this Court set this for hearing as soon as possible.

///

///

///

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**

## IV. CONCLUSION

For the foregoing reasons, Defendant SEYED JAFAR JAFARI respectfully requests that the Court Order that Plaintiff HAMIDREZA RAHMATOLLAH SABOOR'S Writ of Attachment, issued on October 11, 2022, and recorded on October 20, 2022, be dissolved and declared null and void, or in the alternative, set this for hearing as soon as possible.

DATED: September 24, 2025              RESPECTFULLY SUBMITTED,


*Nicholas S. Nassif*
NICHOLAS S. NASSIF
Attorney for Defendant
Seyed Jafar Jafari

**EX PARTE APPLICATION FOR ORDER TERMINATING WRIT OF ATTACHMENT**