Mansour Jafarian. Esq. (SBN: 332632)
Russell M. Rad, Esq. (SBN: 332525)
**ARTEMIS LAW GROUP, APLC**
5850 Canoga Ave, Suite 400
Woodland Hills, California 91367
Telephone: (872) 278-3647
Email: mansour@artemis-lawgroup.com

Attorneys for Plaintiff, HAMIDREZA RAHMATOLLAH SABOOR

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIDREZA RAHMATOLLAH SABOOR, <br><br> Plaintiff, <br><br> v. <br><br> SEYED JAFAR JAFARI aka SAYED JAFAR SAYED MOHAMED SALEH <br><br> Defendant. | Case No.: 2:22-cv-02225 JLS (PVCx) <br><br> **PLAINTIFF HAMIDREZA RAHMATOLLAH SABOOR OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO DISSOLVE WRIT OF ATTACHMENT** <br><br> Judge: Hon. Pedro V. Castillo <br> Courtroom: 590 |

## I. INTRODUCTION

Defendant's *Ex Parte* Application seeks the extraordinary remedy of dissolving a duly issued Writ of Attachment based primarily on a bankruptcy ruling that is not final and is imminently subject to appellate review. This request is procedurally improper and substantively unfounded.

Plaintiff is in the process of accumulating of documents and filing a notice of appeal from the bankruptcy-related order upon which Defendant relies. Under well-settled law, non-final orders that are subject to appeal do not provide a proper basis for *ex parte* dissolution of a writ of attachment, particularly where dissolution would irreparably prejudice the attaching creditor and frustrate appellate jurisdiction.

1

*Ex parte* relief is reserved for true emergencies. Defendant has shown none. The Court should therefore deny the application outright, or at minimum, require that the issue be heard on noticed motion after the appellate process is clarified.

## II. FACTUAL BACKGROUND (SUMMARY)

1. Plaintiff obtained a Right to Attach Order and Writ of Attachment, which was issued on October 11, 2022, and recorded on October 20, 2022.
2. Defendant now seeks to dissolve that writ through an *ex parte* application, relying on a bankruptcy court ruling that Defendant characterizes as dispositive.
3. Plaintiff believes that the court erred in its decision on bankruptcy and is actively preparing and filing an appeal of that bankruptcy-related order.
4. Defendant's proposed order would immediately nullify the writ, despite the absence of a final, non-appealable determination on the merits.

## III. LEGAL STANDARD

### A. *Ex Parte* Relief Is Disfavored and Strictly Limited

*Ex parte* relief in federal court is an extraordinary remedy, permitted only upon a clear showing of immediate and irreparable harm that will occur before the opposing party can be heard, and where notice is impracticable or would render the relief ineffectual. "*Ex parte* relief is generally disfavored when relief may be had through a regularly-noticed motion. [It] will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief."; *U.S. v. Western Titanium, Inc.*, 2010 U.S. Dist. LEXIS 101448, 2010 WL 3789775, at *2 (S.D. Cal. Sep. 27, 2010) ("[T]he ex parte filing of documents . . . would be disfavored by the Court and would not be permitted absent a compelling showing of need."). Fernandez v. Obesity Research Inst., LLC, 2013 U.S. Dist. LEXIS 93901, *4. *Ex parte* applications are disfavored and may be granted only upon a showing of:

- Irreparable harm,
- Immediate danger, or
- Extraordinary circumstances requiring relief before the opposing party can be heard.

Defendant bears a heavy burden and has not met it.

### B. A Writ of Attachment Cannot Be Dissolved Based on a Non-Final or Appealable Order

A writ of attachment remains valid under Code of Civil Procedure §§ 484.090, 488.730 unless:

1. The underlying claim is finally adjudicated, or
2. The statutory grounds for attachment no longer exist.

Where a ruling is subject to appeal, courts routinely preserve the status quo to prevent irreparable prejudice. "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. It often happens that this purpose is furthered by the status quo, but not always." Golden Gated Restaurant Ass'n v. City & Cty. Of San Francisco, 512 F.3d 1112, 1116 (9th Cir. 1974)). In this case, the public interest lies with maintaining the status quo while the appeal is pending. Doe v. Trump, 957 F.3d 1050, 1068)

Dissolving the writ now would moot Plaintiff's appellate rights and expose Plaintiff to irreparable harm if assets are dissipated.

### IV. ARGUMENT

#### A. Defendant Has Not Demonstrated Any *Ex Parte* Emergency

Defendant's application identifies no new facts, no imminent transfer of property, and no irreparable harm that would justify *ex parte* relief. The writ has been in place since 2022. The alleged urgency is entirely self-created.

Courts routinely deny *ex parte* requests where the moving party could have proceeded by noticed motion. See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826.

#### B. Plaintiff's Pending Appeal Requires Preservation of the Status Quo

Plaintiff is preparing to file an appeal challenging the bankruptcy-related order relied upon by Defendant. Until appellate review is complete, the Court should not take irreversible action that would nullify Plaintiff's security interest.

Federal courts consistently hold that enforcement actions affecting property interests should be stayed or preserved pending appeal to avoid rendering appellate relief meaningless. See *Huezo v. Ball (In re Huezo)*, 2020 Bankr. LEXIS 1947, 13-14

Dissolving the writ now would effectively grant Defendant the ultimate relief sought before appellate review occurs.

### C. The Proper Procedure Is a Noticed Motion, Not *Ex Parte* Relief

If Defendant believes dissolution is warranted, the appropriate mechanism is a noticed motion, allowing full briefing and consideration of:

- The pending appeal,
- The likelihood of reversal,
- The balance of hardships, and
- Plaintiff's right to maintain security pending final adjudication.

Granting dissolution *ex parte* would violate basic principles of procedural fairness.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. DENY Defendant's *Ex Parte* Application to Dissolve the Writ of Attachment;
2. Alternatively, set the matter for noticed motion after Plaintiff's appeal is filed and jurisdictional issues are clarified; and
3. Grant such other and further relief as the Court deems just and proper.

DATED: December 23, 2025          **ARTEMIS LAW GROUP, APLC**

*Mansour Jafarian*
Mansour Jafarian, Esq.
Attorneys for Plaintiff,
HAMIDREZA RAHMATOLLAH SABOOR

# DECLARATION OF PLIANTIFF

# IN SUPPORT OF PLAINTIFF'S OPPOSITION TO EX PARTE APPLICATION TO

# DISSOLVE WRIT OF ATTACHMENT

I, HAMIDREZA RAHMATOLLAH SABOOR, declare as follows:

1. I am the Plaintiff in this action and am personally familiar with the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.
2. On or about October 11, 2022, the Court issued a Right to Attach Order and Writ of Attachment in favor of Plaintiff, which was subsequently recorded on October 20, 2022.
3. Defendant has filed an *Ex Parte* Application to Dissolve the Writ of Attachment, relying primarily on a bankruptcy-related order that is not final.
4. Plaintiff believes that the court erred in its decision on bankruptcy, and Plaintiff is in the process of accumulating and filing a notice of appeal challenging the bankruptcy-related order upon which Defendant relies. Plaintiff fully intends to pursue appellate review of that order.
5. Dissolution of the Writ of Attachment at this stage—before appellate review is completed—would irreparably prejudice Plaintiff, deprive Plaintiff of existing security, and risk dissipation or transfer of assets that may be necessary to satisfy a judgment.
6. Defendant has not identified any new facts, emergency circumstances, or imminent harm that would justify *ex parte* relief. The Writ of Attachment has been in place for an extended period, and Defendant has suffered no sudden or extraordinary prejudice warranting immediate dissolution without noticed motion.
7. Maintaining the Writ of Attachment pending resolution of the appeal is necessary to preserve the status quo, protect Plaintiff's rights, and ensure that appellate relief is not rendered meaningless.
8. This declaration is submitted in support of Plaintiff's Opposition to Defendant's *Ex Parte* Application to Dissolve the Writ of Attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of December 2025, at Tehran, IRAN.

_____
December/24/ 2025

Hamidreza Rahmatollah Saboor
Plaintiff